IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO.: WDQ-07-0530 |
| KEVIN DARNELL ROBINSON | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Kevin Darnell Robinson pled guilty to being a felon in possession of a firearm and was sentenced to 120 months imprisonment. For the following reasons, his motion to correct alleged clerical errors will be granted in part and denied in part.

I. Background

On May 30, 2008, Robinson agreed to plead guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 40, Ex. B at 1, 7. According to the plea agreement, Robinson's base offense level was 24 under the advisory sentencing guidelines.[1] Because Robinson had possessed the gun and ammunition during the commission of another felony offense, his base level was increased to 28. ECF No. 40, Ex. B at 4. After a three-level reduction for

---

[1] ECF No. 40, Ex. B at 4. Robinson had two prior felony drug convictions. *Id.*

acceptance of responsibility, his offense level was 25 and his criminal history category was VI, yielding an advisory guidelines range of 110 to 137 months. *Id.* The parties agreed that the appropriate sentence of imprisonment would be 120 months, *id.*, the statutory maximum.[2]

At sentencing on August 15, 2008, the parties agreed to treat two prior convictions as one offense[3] and recalculated Robinson's criminal history category as IV. ECF No. 40, Ex. A at 5-10. At offense level 25 and criminal history IV, Robinson's advisory sentencing range was 84 to 105 months. Sentencing Table, U.S. Sentencing Guidelines. The Court sentenced Robinson to 120 months imprisonment to "give him the benefit of his bargain."[4] *Id.* at 10, 13. The Court also imposed a five-year term of supervised release and a $100 special assessment. *Id.* at 14.

Robinson did not appeal or file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On

---

[2] The statutory maximum penalty was 120 months imprisonment, followed by three years of supervised release, and a fine of $250,000. 18 U.S.C. §§ 924(a)(2), 3559(a), 3571(b)(3), 3583(b)(2).

[3] The convictions were for a series of drug buys, which the parties agreed could have been charged as separate counts in one indictment. ECF No. 40, Ex. A at 6. There were no intervening arrests. *Id.*

[4] Robinson's attorney confirmed that the bargain remained 120 months, even after the parties recalculated his criminal history category. ECF No. 40, Ex. A at 10.

2

September 28, 2011, he filed a motion under Fed. R. Crim. P. 36 to correct errors "arising from oversight." ECF No. 40 at 1. On October 17, 2011, the Government opposed that motion, ECF No. 41, and on November 17, 2011, Robinson filed a reply, ECF No. 42.

II. Analysis

Robinson alleges three errors in his sentencing: (1) the Court's imposition of five years supervised release exceeded the statutory maximum sentence, (2) his sentence was "inadvertently miscalculated" after the "oral correction" of his criminal history at sentencing, and (3) because of the miscalculation, his three-level reduction for acceptance of responsibility was "inadvertently extracted." ECF No. 40 at 1-3; ECF no. 42 at 1.

The Government counters that Rule 36 does not apply, because none of the alleged errors was clerical or resulted from "oversight or omission." ECF No. 41 at 6. According to the Government, Robinson fashions his claim as a Rule 36 motion because it is too late to seek relief through the appropriate channels: direct appeal or a § 2255 motion.[5] *Id.*

Rule 36 provides that a court may "at any time correct a clerical error in judgment, order, or other part of the record, or correct an error in the record arising from oversight or

---

[5] Robinson had 10 days from the date of sentencing to file an appeal. ECF No. 40, Ex. A at 14. A one-year statute of limitations applies to a § 2255 motion. 28 U.S.C. § 2255(f).

3

omission." The purpose of the rule is to allow courts to "correct errors that are clerical, rather than legal, in nature." *United States v. Postell*, 412 F. App'x 568, 569 (4th Cir. 2011) (per curiam). Clerical errors "exist when the court intended one thing but by merely clerical mistake or oversight did another." *Id.* (internal citation and quotation marks omitted). "A clerical error must not be one of judgment or even of misidentification, *but merely of recitation*, or the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004 (emphasis added).

The Court made a clerical error when it sentenced Robinson to five years supervised release. The Court intended to sentence Robinson to the statutory maximum (three years),[6] but because of an error of recitation, *see Robinson*, 368 F.3d at 656, the Court imposed five years. Because the Court intended one thing but by mere oversight did another, *see Postell*, 412 F. App'x at 569, it will correct Robinson's sentence to reflect a three-year term of supervised release.[7]

---

[6] *See supra* note 2.

[7] If the Court did not exercise its discretion under Rule 36, Robinson would be entitled to the same relief under 18 U.S.C. § 3742. That provision allows a defendant to appeal an otherwise final sentence if it "was imposed in violation of law." 18 U.S.C. § 3742(a)(1). A sentence that exceeds the statutory maximum sentence violates law. *See United States v. Brown*, No.

4

Robinson is not entitled to relief for the other two errors, which relate to the calculation of his term of imprisonment under the advisory sentencing guidelines. The Court made clear at sentencing that it intended to give Robinson the benefit of his bargain. ECF No. 40, Ex. A at 10, 13. The parties agreed that the appropriate sentence was the statutory maximum, 120 months. ECF No. 40, Ex. B at 4. That this sentence fell outside the sentencing guidelines does not mean that the Court committed an error. The sentencing guidelines are only advisory,[8] and there can be no clerical error when Robinson received the sentence for which he bargained.[9]

---

10-4024, 2011 WL 2877927, at *1 (4th Cir. July 20, 2011) (per curiam). Because the Fourth Circuit certainly would find that Robinson's sentence was illegal, it would simply remand the case for resentencing, and this Court would revise the sentence to impose only three years of supervised release. *See* 18 U.S.C. § 3742(f).

[8] *United States v. Clemons*, 412 F. App'x 646, 649 n.2 (4th Cir. 2011).

[9] *See United States v. Pendergrass*, 337 F. App'x 293, 294 (4th Cir. 2009) (per curiam) (no sentencing error under Rule 36 when the defendant received the sentence for which he bargained).

III. Conclusion

For the reasons stated above, Robinson's motion to correct alleged clerical errors will be granted in part and denied in part.

____12/14/11____  ____/s/____
Date                William D. Quarles, Jr.
                    United States District Judge